## LYNN, Plaintiff, v. ESTADT AND INDUSTRIAL COMMISSION OF OHIO, Defendants.

Common Pleas Court, Muskingum County.

No. 38441.   Filed March 30, 1953.

Richard N. Larrimer, Columbus, Ralph G. Marshall, Zanesville, for plaintiff.

C. William O'Neill, Atty. Genl., Columbus, Chalmers D. Wylie, Asst. Atty. Genl., Jay Zellar, Zanesville, for defendants.

### OPINION

By CROSSLAND, J:—

Plaintiff's petition alleges that he is entitled to participate in the Workmen's Compensation Fund of Ohio because he "sustained a crushing injury to the chest when struck by a falling coal car" on March 18, 1949, and the only evidence relating thereto was his own testimony that he slipped and fell against a corner of a coal car, hitting the left side of his chest, unreported by him until months later, in a small mine operated under lease by the Estadt brothers, who were uninsured although then having three employees.

The only claim made in the evidence for participation in the Fund is that a pre-existing lung condition was aggravated or accelerated by the alleged injury of March 18, 1949, a distinct departure from the issue raised by the petition and answered, met and resisted by the defendants.

There is no question of the fact of a pre-existing lung condition, described by Dr. Powelson as "extensive old fibrotic involvement of the bronchial tubes" and by Dr. Mark as "pneumo-

coniosis" and both physicians undertook to explain rather laboriously how such pre-existing condition would be affected by an assumed traumatic injury, but from each of their own examinations they knew full well that the claimant was not in good physical condition on and before March 18, 1949, although asked to assume that he was "in good condition" at that time.

The overwhelming testimony of numerous defense witnesses as to the previous ill-health of the claimant and of established circumstances to which such testimony is directly related is merely corroborative of plaintiff's own supporting medical evidence in that regard.

Clearly the assumptions of fact invoking the opinion testimony of Drs. Powelson and Mark being not only contrary to the manifest weight of the evidence but essentially untrue under the issues made by the pleadings, the expressions of opinion are themselves wholly irrelevant and of no probative value whatever.

In the Court's view, it is not merely a question of whether an expert opinion is or is not against the manifest weight of the evidence, even though it can be said very frankly that it is often extremely difficult to rationalize the fantastic labyrinth of explanation by which some medical opinions are arrived at and it causes one inevitably to wonder just how much of what is said is really believed by the witness. Fundamentally, it is a question of whether an opinion based on any factor or factors assumed for the hypothetical question but in fact afterward found to be contrary to the manifest weight of the evidence constitutes any substantial evidence either to warrant or support a verdict for the plaintiff, and, as here, in the face of a motion by defendants for judgment non obstante veredicto.

This Court considers that an expert opinion can be no better than the evidence to support the hypothetical question that invokes it and that when any one of the material factors contained in such question as an assumption of fact is successfully contradicted by the manifest weight of the evidence it then follows that the opinion itself is thereby rendered valueless as inconsequential and as irrelevant to the issue of compensable disability.

An appeal to the Courts from a decision of the Industrial Commission adverse to a claim for participation in the Workmen's Compensation Fund was never intended as an open sesame to free handed gratuity at the expense of the legitimate rights of those workmen who are properly entitled to its benefits or of the contributors thereto. Nor was it intended as a game of chance in which expert medical opinion too often

lends itself to highly speculative impulses seemingly designed to baffle, dominate and outwit lay juries.

Justice seeks to ascertain the truth. The truth is based upon actual fact. In this case it is plainly shown that the claimant was in ill-health, not good condition, before March 18, 1949, defense evidence thereof merely confirming plaintiff's own medical testimony to that effect. Nor was there the slightest evidence or suggestion of any kind of a crushed or otherwise traumatically injured chest and no slightest pretense thereof was even indicated. The basic premise of plaintiff's claim is pure fiction and any conclusion of direct and probable relationship between a traumatic injury and existing disability is pure fantasy.

Accordingly, reasonable minds can reach but one conclusion from the evidence and that is that there is not substantial evidence to support the petitioner's claim or to warrant the jury so finding and that the verdict herein should be and therefore is set aside, defendant's motion sustained and judgment rendered for the defendants. Exceptions to plaintiff.